IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LETICIA DOMINGO<br>1389 Tanglewood Drive<br>North Wales, PA 19454<br><br>      Plaintiff,<br><br>v.<br><br>TEMPLE UNIVERSITY<br>3420 North Broad Street<br>Philadelphia, PA 19140<br><br>      Defendant. | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Leticia Domingo ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Temple University ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff contends Defendant violated Plaintiff's rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

### PARTIES

2. Plaintiff is a citizen of the United States and Pennsylvania and currently maintains a residence located at 1389 Tanglewood Drive, North Wales, PA 19454.

3. Defendant Temple University is a non-profit corporation authorized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address at 3420 North Broad Street, Philadelphia, PA 19140.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about February 15, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 29 U.S.C. § 621, *et seq*. Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2018-02375. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated May 23, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant resides in this judicial district, doing business therein.

## FACTUAL ALLEGATIONS

9. Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10. Plaintiff was born on September 4, 1955 and is currently sixty-two (62) years old.

11. On or about November 1, 1982, Plaintiff began her employment with Temple University Hospital System in the position of Registered Nurse ("RN").

12. Upon information and belief, Plaintiff worked as an RN for Defendant until 1999 when she obtained a Master's degree and was promoted to a Clinical Nurse Specialist.

13. Plaintiff remained in her role as a Clinical Nurse Specialist until the end of 2005, when she chose to return to her previous position as an RN.

14. Approximately two (2) years later, in 2007, Plaintiff was transferred within Defendant's network to the Episcopal Campus and assigned to the position of Clinical Nurse Specialist.

15. Upon information and belief, Plaintiff worked as a Clinical Nurse Specialist until in or around March 2017, at which time she was in the last semester of her doctorate program in nursing.

16. On or around March 13, 2017, Plaintiff took a position with Defendant as a Nurse Practitioner Coordinator in the Department of Radiation Oncology.

17. Upon information and belief, and according to the Defendant's job posting, Plaintiff met all the requirements for this role.

18. Additionally, upon information and belief, Plaintiff's qualifications were fully vetted throughout the interview process with Defendant.

19. Then, in or around May 2017, Plaintiff's supervisors asked if she planned on obtaining her certification from the American Nurses Credentialing Center ("ANCC").

20. Although this was not a requirement of her employment, Plaintiff agreed to sit for the examination by the end of 2017.

21. Upon information and belief, Plaintiff's supervisor, Amala Davis ("Ms. Davis") assured her this was an acceptable timeline.

22. Furthermore, Ms. Davis gave Plaintiff positive feedback on her performance throughout her time in this new position.

23. Then, on or about October 12, 2017, Plaintiff was called into a mandatory meeting by the Chair of the Radiation Oncology Department, Curtis Miyamoto ("Dr. Miyamoto").

24. Upon information and belief, the Dean of Human Resources, Gregory Zimmaro ("Mr. Zimmaro") was also present at this meeting.

25. During the meeting, Dr. Miyamoto stated Plaintiff was terminated effective immediately.

26. Dr. Miyamoto stated the reason for Plaintiff's termination was that she had not obtained her ANCC certification.

27. Upon information and belief, Plaintiff's termination letter states "effective immediately, your position at Temple University is terminated. This decision is based on you not having the necessary documentation to be credentialed and therefore unable to meet expectations and responsibilities of your position."

28. Upon information and belief, at no time was an ANCC certification a necessary requirement of Plaintiff's employment with Defendant.

29. Upon information and belief, the ANCC certification was not listed in the job requirements section on the original job posting.

30. Furthermore, every member of the Department that interviewed Plaintiff had copies of her certifications, which did not include the ANCC, prior to her hire.

31. Upon information and belief, Plaintiff never received any formal discipline during the course of her employment with Defendant.

32. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of her age.

33. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, *et seq.*
## DISCRIMINATION

34. Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35. Defendant employed at least twenty (20) employees throughout its various office locations at all times material hereto.

36. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being sixty-two (62) years old at the time of the unlawful discrimination and, thus, over forty (40) years old.

37. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

38. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

39. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Liquidated damages;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

### COUNT II
### VIOLATION OF THE PENNYSLVANIA HUMAN RELATIONS ACT
### 43 PA. C.S.A. § 951, *et seq.*
### DISCRIMINATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were more fully set forth at length herein.

41. Defendant violated the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on

account of her age, as Plaintiff was sixty-two (62) years old at the time of the unlawful discrimination and, thus, over forty (40) years old.

42. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

43. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

44. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay in an amount to be determined at trial, but not less than One Hundred and Fifty Thousand Dollars ($150,000.00);

b) Punitive, compensatory, and/or exemplary damages in the amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/ or malicious conduct;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Pre-judgement interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances.

7

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issue so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: August 13, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.